UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| VANESSA MCCORKER.,         )| | |
|     Plaintiff,         )| | |
|         )| | |
| v.         )| | CAUSE NO.: 2:21-CV-382-JEM |
|         )| | |
| LVNV FUNDING, LLC,         )| | |
|     Defendant.         )| | |

**OPINION AND ORDER**

This matter is before the Court on Defendant LVNV Funding LLC's Motion to Partially Dismiss Plaintiff Vanessa McCorker's Civil Complaint [DE 16], filed by Defendant on August 1, 2022.

**I.   Background**

On December 10, 2021, Plaintiff Vanessa McCorker, who is proceeding *pro se*, or without counsel, filed a Complaint claiming that Defendant LVNV Funding did not comply with the Fair Debt Collection Practices Act (FDCPA) requirement that it send a debt collection letter to Plaintiff before filing two claims against her in state court, one in September 2020 and another in March 2021. She requests that the two state court debt claims Defendant filed against her be dismissed and that she be awarded damages.

On August 1, 2022, Defendant filed the instant motion to dismiss, arguing that the Court should dismiss the claims arising out of the September 2020 state court case for lack of jurisdiction. After being granted an extension of time, Plaintiff filed a response on September 8, 2022. Following a conference with the Court, Defendant filed a reply on October 27, 2022, and Plaintiff filed a surreply on November 17, 2022.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a cause of action when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The "district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). However, when subject matter jurisdiction is not apparent on the face of the complaint and is contested, the district court may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 198 (1936)).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iq*bal, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570);

2

*see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

Two weeks after deciding Twombly and in the context of pro se litigation, the Supreme Court again addressed the notice pleading standard, reiterating that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Supreme Court reaffirmed that "[a] document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. at 94 (quotation marks and citations omitted).

All of Plaintiff's allegations will be taken as true for the purposes of the motions to dismiss. *See, e.g.*, *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). When considering a Rule 12(b)(1) motion to dismiss, the "court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Consideration of that evidence does not convert the motion regarding federal jurisdiction to a motion for summary judgment. *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993).

### III. Analysis

Defendant argues that Plaintiff's claims based on the September 2020 state court lawsuit should be dismissed for lack of subject matter jurisdiction and that Plaintiff has failed to state a

claim under the FDCPA.

The Supreme Court of the United States, in what is called the *Rooker-Feldman* doctrine, has prohibited federal courts from acting as courts of appeal for state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over claims seeking review of state court judgments. *See Warner v. Brown*, 670 Fed. Appx. 420, 422 (7th Cir. 2016) (explaining that the *Rooker-Feldman* doctrine "is confined to cases brought by state-court losers . . . inviting district court review and rejection of [those state-court] judgments") (citing *Exxon-Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). To determine whether jurisdiction is appropriate in a federal district court, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

Similarly, "if the federal injury is 'inextricably intertwined' with the state court judgment, *Rooker-Feldman* bars the federal action." *Crestview Vill. Apartments v. United States Dep't of Housing and Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004). The crucial question in determining whether a federal injury is "inextricably intertwined" with a state court judgment is whether "the district court is in essence being called upon to review the state-court decision." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993); *see also GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 727 (7th Cir. 1993) (stating that the doctrine bars federal suit by a plaintiff who "objects to the outcome of

4

a judicial proceeding and files a separate suit to get around it"). In a case to which "the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court." *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).

In this case, Defendant argues that Plaintiff's claims arising out of the September 2020 suit are barred. Plaintiff argues about the timing of this case with respect to the state court cases, and also emphasizes that there is jurisdiction because of Defendant's failure to comply with federal law with respect to debt collection. In particular, Plaintiff argues that that Defendant, as the debt collector, was required to send a notice prior to filing suit for collection of the debt but did not to so. Although the FDCPA requires a written notice to be sent to the consumer "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," 15 U.S.C. § 1692g(a), legal pleadings are specifically excepted from that requirement. 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."). Defendant was not required to send Plaintiff a letter, so there is no separate federal cause of action in this case. The injury she is claiming is inextricably intertwined with the state court judgment, requesting that the Court review and overturn the decision the state court made in the September 2020 case. Defendant does not move for dismissal of Plaintiff's claims arising out of the March 2021 case, so that matter is not before the Court.  Plaintiff must file an amended complaint specifically delineating what federal claims she is alleging arising out of the March 2021 state court claim that do not involve failure to file notice under the FDCPA.

**IV.**     **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Defendant LVNV Funding LLC's Motion to Partially Dismiss Plaintiff Vanessa McCorker's Civil Complaint [DE 16] and **ORDERS** that the claims arising out of the September 2020 state court lawsuit are **DISMISSED with prejudice** and the claims that LVNV failed to notify her prior to filing suit are **DISMISSED**. Plaintiff must file an amended complaint by **February 6, 2023**, describing what specific claims she is asserting that arise out of the March 2021 state court lawsuit and have not been dismissed herein.

SO ORDERED this 9th day of January, 2023.

                                                       s/ John E. Martin
                                                     MAGISTRATE JUDGE JOHN E. MARTIN
                                                     UNITED STATES DISTRICT COURT

cc:     All counsel of record
        Plaintiff, *pro se*