UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| VANESSA MCCORKER., | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:21-CV-382-JEM |
| | ) | |
| LVNV FUNDING, LLC, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Vacate the Court's Order of 9th January, 2023 [DE 36], filed May 1, 2023. Defendant filed a response on May 15, 2023. No reply has been filed and the time to do so has passed.

**I.      Background**

On December 10, 2021, Plaintiff Vanessa McCorker, who is proceeding *pro se*, or without counsel, filed a Complaint claiming that Defendant LVNV Funding did not comply with the Fair Debt Collection Practices Act (FDCPA) requirement that it send a debt collection letter to Plaintiff before filing two claims against her in state court, one in September 2020 and another in March 2021. She requests that the two state court debt claims Defendant filed against her be dismissed and that she be awarded damages. On January 9, 2023, the Court granted Defendant's motion to dismiss Plaintiff's claims arising out of the September 2020 state court case for lack of jurisdiction. Plaintiff now requests that the Court reconsider that decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.    Analysis**

Plaintiff characterizes her motion as a request under Rule 60. It provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" under certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b). Rule 60(b) is not applicable in this instance because it "is, by its terms[,] limited to 'final' judgments or orders and is inapplicable to interlocutory orders." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016*), reh'g and suggestion for reh'g en banc denied* (Aug. 3, 2016) (finding that Rule 60(b) was not the proper vehicle for reconsidering an order denying class certification when no final judgment had been entered (internal quotation marks omitted) (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006); citing *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (concluding that a motion to vacate an order granting summary judgment was not a Rule 60(b) motion since it was made before entry of final judgment); *Adams v. City of Chicago*, 135 F.3d 1150, 1153 (7th Cir. 1998))); *see also Everett v. Leading Edge Air Foils, LLC*, No. 14-C-1189, 2017 WL 2894135, at *3 (E.D. Wis. July 7, 2017) (finding that Rule 54(b) and not Rule 60(b) applied when the court had not entered a judgment adjudicating all of the claims and all of the parties' rights and liabilities) (citing *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986)). Final judgment has not been entered in this case, which is still proceeding. Accordingly, the Court will address the instant motion as a motion to reconsider.

Motions to reconsider do not give a party the opportunity to rehash old arguments or to

2

present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

Plaintiff argues that the Court made an error of law in its determination that her claims based on the September 2020 state court lawsuit should be dismissed. She again asserts, as she did in her response to the motion to dismiss, that Defendant was required to send written notice prior to filing suit for collection of debt and the failure to do so gives rise to her Claim for FDCPA violation. As the Court explained, although the FDCPA requires a written notice to be sent to the consumer "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," 15 U.S.C. § 1692g(a), legal pleadings are specifically excepted from

3

that requirement. 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."). Defendant was not required to send Plaintiff a letter, so there is no separate federal cause of action in this case.

Plaintiff has not alleged any violation of the FDCPA arising out of the debt claim filed against her in state court in September 2020. Despite her arguments that she filed her case prior to a final judgment in the state court and that she is not technically requesting that the Court reverse or void the state court judgment, any relief she requests in this Court with respect to determining whether she owed the debt to Defendant would be a review of what the state court already decided and is barred by the *Rooker-Feldman* doctrine. The injury she is claiming is inextricably intertwined with the state court judgment, and this Court does not have jurisdiction over the claim. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Crestview Vill. Apartments v. United States Dep't of Housing and Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

In ruling on the partial motion to dismiss, the Court did not misunderstand Plaintiff, make a decision outside the issues presented by the parties, or make an error of apprehension, and there has been no significant change in the law or the facts. Plaintiff has not presented any reason for the Court to reconsider its previous Opinion.

### III.     Conclusion

Accordingly, the Court hereby **DENIES** Plaintiff's Motion to Vacate the Court's Order of 9th January, 2023 [DE 36].

The Court **REAFFIRMS** the telephonic Rule 16 pretrial scheduling conference set for

**June 8, 2023, at 10:00 a.m.** (Central Time), with parties to dial 877-873-8017 and enter access code 5155509# when prompted. Parties are to meet and confer and file a proposed joint discovery plan in accordance with Federal Rule of Civil Procedure 26(f) by **June 2, 2023**.

SO ORDERED this 25th day of May, 2023.

s/ John E. Martin\
MAGISTRATE JUDGE JOHN E. MARTIN\
UNITED STATES DISTRICT COURT

cc: All counsel of record\
    Plaintiff, *pro se*